**In re Reginald Gene MOOREFIELD and Shannon Everhart Moorefield, Debtors.**

**Bankruptcy No. B–97–51730 C–13.**

United States Bankruptcy Court, M.D. North Carolina.

Oct. 24, 1997.

Wendell Schollander, Winston–Salem, NC, for Debtors.

Max Rodden, Wilson, Biesecker, Tripp & Sink, Lexington, NC, for Creditor, Time Warner.

Kathryn L. Bringle, Chapter 13 Standing Trustee, Winston–Salem, NC.

## ORDER DENYING DEBTORS' MOTION TO HOLD TIME WARNER IN CONTEMPT AND DENYING DEBTORS' REQUEST FOR DAMAGES AND ATTORNEY FEES

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

THIS MATTER came on before the court on October 22, 1997, in Winston–Salem, North Carolina upon the motion of the Debtors to hold Time Warner in contempt of court. Appearing before the court were Wendell Schollander on behalf of the Debtors and Max Rodden on behalf of Time Warner.

The Debtors filed a petition for relief under Chapter 13 on September 3, 1997. At that time, the Debtors had an account with Time Warner Cable of Charlotte, North Carolina for cable service, and their schedules reflected an outstanding balance due to Time Warner in the amount of $113. After the filing date, Time Warner disconnected service. The creditor was subsequently offered a security deposit for two months worth of service to restore service, and the creditor declined to do so.

The Debtors contend that the cable service is a utility under 11 U.S.C. § 366 and that the termination of the service was a violation under 11 U.S.C. § 365 and § 366. The Debtors have asked that the creditor be held in contempt of court and that the creditor pay the Debtors damages, monetary and punitive, in the amount of $2,000, and further that the creditor pay the attorney fees in the amount of $1,000.

Time Warner contends that cable is not a utility under § 366 because the utilities covered under § 366 are limited to those services which are essential to the day-to-day living requirements of the Debtors and include such items as electrical, phone, gas and water. It is undisputed that Time Warner is not a public utility and operates a nonexclusive cable franchise for the City of Lexington/County of Davidson.

■ The issue presented here is whether the provider of a cable television wire service constitutes a "utility" under 11 U.S.C. § 366. 11 U.S.C. § 366 provides as follows:

(a) Except as provided in subsection (b) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this Title or that a debt owed by the debtor to such utility for services rendered before the order of relief was not when due.

(b) Such utility may alter, refuse, or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the form of a deposit or other security, for the service after such date. On the request of a party in interest and after notice and hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment.

■ The Bankruptcy Code does not define the term "utility" but the legislative history indicates that this section was intended to cover those utilities that have a special position with respect to the debtor, "such as an electric company, gas supplier, or telephone company that is a monopoly in the area so the debtor cannot easily obtain comparable services from another utility." Such services as water, electricity, gas, and phones are typically regarded as necessary to meet minimum standards of living. Because these items are required for individuals to maintain a reasonable standard of day-to-day living, § 366 was proposed to prohibit a utility company from abandoning a debtor.

Section 366 balances the needs of the debtor against the rights of the utility companies. A utility company is prohibited from altering, refusing, or disconnecting service to the debtor for a period of 20 days after the petition has been filed. The utility company is at risk for this time period and well may

not be paid. The risk is limited to 20 days as within 20 days after the petition has been filed, the debtor must furnish adequate assurance of payment in the form of a security deposit or other security deposit for service after such date. It is undisputed that the Debtors' offer of a two-month deposit would constitute adequate assurance of payment if Time Warner were found to be a utility. In the event that adequate assurance of payment is not furnished, then the utility company is free to alter, refuse, or disconnect further service to the debtor.

 The utilities covered under § 366 are not limited to public utilities, and other entities acting as utilities are also eligible. The broadest definition of a utility is found in *Good Time Charlie's Limited v. Black,* 25 B.R. 226 (Bankr.E.D.Pa.1982), in which the debtor, a mall tenant, sued to have his landlord restore power after the debtor filed for bankruptcy. The court held that the landlord as a contracting party who agrees to furnish utilities services under a lease is a utility under § 366.

The Debtor argues that the court should find that Time Warner is a utility provider as the company has the cable franchise for Davidson County and the City of Lexington, and therefore has a monopoly as a service provider. The court does not find that such a monopoly exists inasmuch as the Time Warner franchise with the City of Lexington and County of Davidson is a nonexclusive franchise.

Even if the court were to find that Time Warner had a monopoly as the provider of cable services, Time Warner would not come under the umbrella of 11 U.S.C. § 366 and would be free to terminate or disconnect services provided to the Debtor. Even if there were no alternate service available to the Debtor, cable television does not rise to the level of importance of the other utilities listed under the legislative history. It would be extremely burdensome for individuals to operate a household without gas, electricity, water, or phone systems. Cable television is not a necessity as millions of Americans continue to exist without such a service. As such, this court will not find that it constitutes a utility under § 366, and, accordingly,

IT IS ORDERED, ADJUDGED, AND DECREED as follows:

1. The Debtors' motion that the creditor be held in contempt is hereby denied.

2. The Debtors' motion that the creditor pay damages, monetary and punitive, in the amount of $2,000 is hereby denied.

IT IS FURTHER ORDERED that the Debtors' motion that the creditor pay attorney fees in the amount of $1,000 is hereby denied.