United States Court of Appeals
Fifth Circuit

**F I L E D**

November 14, 2006

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 05-20931

In The Matter Of:   DAMON FITZGERALD DARBY

Debtor.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

DAMON FITZGERALD DARBY

Appellant,

versus

TIME WARNER CABLE, INC.,

Appellee.

Appeal from the United States District Court
for the Southern District of Texas

Before JONES, Chief Judge, and SMITH and STEWART, Circuit Judges.

CARL E. STEWART, Circuit Judge:

Damon Darby appeals from a judgment in favor of Time Warner Cable by the district court, which affirmed the bankruptcy court. After Darby filed for bankruptcy, his cable provider, Time Warner Cable ("Time Warner"), disconnected his service. Darby attempted to give Time Warner adequate assurances of future payment, including a deposit, under 11 U.S.C. § 366, but Time Warner refused to reinstate the service. Both the district court and the bankruptcy court held that Time

Warner is not a utility within the purview of 11 U.S.C. § 366 and is therefore not required to continue providing Darby service after his offer of adequate assurances. We affirm.

## I. FACTUAL AND PROCEDURAL HISTORY

Appellant Darby filed for Chapter 13 bankruptcy on July 30, 2004. Soon after receiving notice of the filing, Time Warner terminated Darby's cable service. Darby offered Time Warner a deposit to reinstate his cable service. Time Warner refused to reinstate his service, and Darby filed a motion with the bankruptcy court to compel Time Warner to reinstate his service upon the offering of adequate assurances of future payment as required by 11 U.S.C. § 366.

Time Warner argued that it was not a utility within the meaning of § 366, and therefore, it did not have to reinstate Darby's cable service even if he offered adequate assurances. The bankruptcy court ordered that Time Warner reinstate the service upon the grant of a $250 super-priority claim to Time Warner should Darby default on his future payments. Time Warner complied with the bankruptcy court's order and reinstated Darby's cable service.

Time Warner then filed an emergency motion to reconsider the order. At the hearing on this motion, Darby testified that cable service was not a necessity despite its convenience. He also presented evidence that, while he could submit an application for satellite services, his costs would be up to $250. The bankruptcy court reconsidered its prior order and ruled that Time Warner was not a utility and did not have to reinstate Darby's service. The district court agreed. Darby filed this timely appeal. Time Warner has voluntarily continued to provide Darby service pending the outcome of this appeal.

II. DISCUSSION

The classification of cable service under 11 U.S.C. § 366 is an issue of first impression in this Circuit. In reviewing the decision of the district court, we review legal questions de novo and factual findings for clear error. *In re Acosta*, 406 F.3d 367, 372 (5th Cir. 2005). We hold that Time Warner is not a utility as contemplated by § 366. In reaching this holding, we rely heavily on *In re Moorefield*, 218 B.R. 795 (Bankr. M.D. N.C. 1997), where the bankruptcy court considered the same legal issue of the application of § 366 of the Bankruptcy Code to Time Warner and debtors who made arguments similar to those raised by Darby. We agree with the analysis of the bankruptcy court in *Moorefield* and its legal conclusion that cable television does not constitute a utility under § 366.

The word "utility" as it is used in § 366 is not defined within the statute, but some guidance is provided by the legislative history of the provision. Both the House Judiciary Report and the Senate Report on the provision state in relevant part:

> This section gives debtors protection from a cut-off of service by a utility because of the filing of a bankruptcy case. This section is intended to cover utilities that have some special position with respect to the debtor, such as an electric company, gas supplier, or telephone company that is a monopoly in the area so that the debtor cannot easily obtain comparable service from another utility.

H.R. REP. NO. 95-595, at 350 (1977), *as reprinted in* 1978 U.S.C.C.A.N. 5963, 6306; S. REP. NO. 95-989, at 60 (1978), *as reprinted in* 1978 U.S.C.C.A.N. 5787, 5846.

We must decide if Time Warner stands in a "special position with respect to" Darby such that it is a utility within the meaning of the statute. Because § 366 is a restriction on the general right of a creditor to cease doing business with a debtor for any reason, it seems logical that a strong

3

justification, such as the need for continued access to essential services, underlies the provision. *See In re Hanratty*, 907 F.2d 1418, 1424 (3d. Cir. 1990). The services mentioned in the legislative history are considered "necessary to meet minimum standards of living," *In re Moorefield*, 218 B.R. at 796, and we hold that the necessity of a service is what creates a "special" relationship between a debtor and a utility.

The bankruptcy court in this case made a factual finding that cable television is not a necessity as it is not necessary to a minimum standard of living. Even Darby himself admitted that cable service is only a convenience, not a necessity. Similarly, in *Moorefield*, the bankruptcy court found that "cable television is not a necessity as millions of Americans continue to exist without such a service." *Moorefield*, 218 B.R. at 797. The bankruptcy court did not err in determining that cable service is not a necessity. Therefore, cable service is not covered by § 366, and Time Warner is not required to reinstate Darby's service despite his offer of adequate assurances of future payment.

Darby also argues that because he would be required to pay approximately $250 to install and initiate satellite service, he cannot "easily obtain comparable service," H.R. REP. NO. 95-595, at 350. We disagree. Even if Darby were correct in his assertion that he could not obtain an alternative to cable television, the fact that Time Warner is not a necessity is enough to exempt it from the requirements of § 366. *See Moorefield*, 218 B.R. at 797 ("Even if there were no alternate service available to the Debtor, cable television does not rise to the level of importance of the other utilities listed under the legislative history."). In this case, however, Darby has multiple other options, such as network access or applying for satellite service.

Even if cable service were a necessity, the inconvenience of a one-time payment to a satellite provider equal to the amount of adequate assurances Darby seeks to offer Time Warner is not

4

equivalent to the inconvenience that other courts have found to be determinative in cases involving a necessary service. *See In re One Stop Realtour Place, Inc.*, 268 B.R. 430, 437 (Bankr. E.D. Penn. 2001) (The debtor was likely to lose her business if her phone company ceased service because of the time involved in obtaining new service and switching phone numbers.); *In re Good Time Charlie's Ltd.*, 25 B.R. 226, 227 (Bankr. E.D. Penn. 1982) (A tenant in a shopping mall would have needed to rewire the entire facility in order to obtain electric service from another provider.). Because cable television is neither a necessity nor would Darby be faced with crippling inconvenience in obtaining alternate service, Time Warner is not a utility as contemplated by § 366.[1]

## III. CONCLUSION

Because Time Warner Cable is not a utility as contemplated by § 366 of the Bankruptcy Code, the judgment of the district court, affirming the bankruptcy court, is affirmed.

---

[1] We express no opinion on the effect of §366 on telephone service that is bundled with cable service.

5